IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO. 1:09CV281** |
| **Plaintiff,** | ) ) ) | **COMPLAINT** |
| v. | ) ) | |
| **WNC PALLET AND FOREST PRODUCTS COMPANY, INC.,** | ) ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Mary Messer and Robert McBee who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, WNC Pallet and Forest Products Company, Inc. ("Defendant") subjected Mary Messer ("Messer") and Robert McBee ("McBee") to a hostile work environment based on race, in violation of Title VII. The Commission further alleges as a result of the hostile work environment, Messer was constructively discharged. Finally, the Commission alleges that Defendant discharged McBee in retaliation for his complaints about what he reasonably perceived to be a racially hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Candler, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Messer and McBee filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around April 2007 until around June 2007, Defendant engaged in unlawful employment practices at its Candler, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against Messer based on her race, Caucasian, by subjecting her to severe or pervasive racial comments and/or conduct

that was unwelcome and created a racially hostile work environment. The racial comments included slurs directed at Messer by one or more co-workers because of her association with an African-American co-worker. The comments included such things as Messer being told that she should not talk to the African-American employee and being told the word "nigger was in the Candler boy dictionary." Additionally, the phrase "Mary [Messer] luv niggers" was written on Defendant's plant wall; notes were left on Messer's forklift that read "Mary niger [sic] fucking whore;" the word "whore" was scratched into Messer's forklift, and the words "Mary is a nigger whore" were found on a door in the women's restroom. Messer again reported the racial harassment to plant management. Although Messer complained to Defendant about the racial harassment several times in or around April, May and June 2007, and Defendant otherwise knew or reasonably should have known about the harassment, Defendant failed to take prompt or effective action to stop it. Messer resigned her employment on or about June 6, 2007, as a result of Defendant's failure to stop the harassment, and the intolerable racially hostile work environment.

8. From around April 2007 until around May 2007, Defendant engaged in unlawful employment practices at its Candler, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against McBee based on his race, African-American, by subjecting him to severe or pervasive racial comments and/or conduct that was unwelcome and created a racially hostile work environment. McBee heard a Caucasian co-worker say "if you would stop nigger rigging this shit, it wouldn't break down." McBee confronted the co-worker regarding the statement, but the co-worker ignored McBee. McBee then complained to plant management. Plant management said the phrase "nigger rigging" was "redneck slang from Canada." McBee was also subjected to the racial slurs written

3

about, and directed toward, Messer in the workplace, as set forth above. Although McBee complained to Defendant about the racial harassment, and Defendant otherwise knew or reasonably should have known about the harassment, Defendant failed to take prompt or effective action to stop it.

9. In or about May 2007, Defendant engaged in an unlawful employment practice at its Candler, North Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging McBee because he opposed employment practices made unlawful by Title VII. Specifically, McBee complained about the racial harassment described above in or around May 2007, and Defendant discharged him in retaliation for complaining about the racial harassment.

10. The effect of the practices complained of in paragraphs 7, 8 and 9 has been to deprive Messer and McBee of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

11. The effect of the practice complained of in paragraph 9 has been to deprive McBee of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful under Title VII.

12. The unlawful employment practices complained of in paragraphs 7, 8 and 9 were intentional.

13. The unlawful employment practices complained of in paragraphs 7, 8 and 9 were done with malice or with reckless indifference to the federally protected rights of Messer and McBee.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment or from any other employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Messer and McBee by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described herein, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Messer and McBee by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described herein, in amounts to be determined at trial.

E. Order Defendant to make whole Messer and McBee by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Messer and McBee punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 23rd day of July, 2009.

>Respectfully submitted,
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>131 M Street, NW
>Washington, D.C. 20507
>
>s/ Lynette A. Barnes
>LYNETTE A. BARNES
>Regional Attorney
>
>TINA BURNSIDE
>Supervisory Trial Attorney
>
>s/ Randall D. Huggins
>RANDALL D. HUGGINS (OK 17875)
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Charlotte District Office
>129 West Trade Street, Suite 400
>Charlotte, North Carolina 28202
>Telephone: 704.344.6889
>Facsimile: 704.344.6780
>E-mail: randall.huggins@eeoc.gov
>
>ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing Complaint by depositing a copy thereof in an envelope bearing sufficient postage in the U.S. Mail, addressed to the following persons at the following addresses which are the last known addresses to me:

Rendi L. Mann-Stadt
McGuire Wood & Bissette
48 Patton Avenue
Asheville, NC  28801

This 23rd day of July, 2009.

                s/ Randall D. Huggins
                Randall D. Huggins