# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 1:09CV281 |
| v. ) ) | CONSENT DECREE |
| WNC PALLET AND FOREST PRODUCTS COMPANY, INC., ) ) ) | |
| Defendant. ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant, WNC Pallet and Forest Products Company, Inc. (the "Defendant"), subjected Mary Messer and Robert McBee to a hostile work environment based on race, in violation of Title VII. The Complaint further alleges as a result of the hostile work environment, Messer was forced to resign her employment (constructively discharged), and that Defendant discharged McBee from his employment in retaliation for his complaints about what he reasonably perceived to be racial harassment.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of contested litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not subject any individual to harassment or to a hostile work environment on the basis of race or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the sum of Fifty Thousand Dollars ($50,000), in settlement of the claims raised in this action, of which Forty Two Thousand Five Hundred Dollars ($42,500) will be paid to Mary Messer and Seven Thousand Five Hundred Dollars ($7,500) will be paid to Robert McBee. Defendant shall make payment by issuing checks payable to Mary Messer and Robert McBee in four equal payments. The first payment shall be made within fifteen (15) days after the Court approves this Consent Decree and shall consist of a payment of Seven Thousand Five Hundred Dollars ($7,500) to Mr. McBee and a payment of Five Thousand Dollars ($5,000) to Ms. Messer. The second payment shall be made thirty (30) days after the initial payment in the amount of Twelve Thousand Five Hundred Dollars ($12,500) to Ms. Messer. The third payment shall be made sixty (60) days after the initial payment in the amount of Twelve Thousand Five Hundred Dollars ($12,500) to Ms. Messer. The fourth, and final payment, shall be made ninety (90) days after the initial payment in the amount of Twelve Thousand Five Hundred Dollars ($12,500) to Ms. Messer. Defendant shall mail the checks to Mary Messer and Robert McBee at their respective addresses provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC, 28202, a copy of the checks and proof of their delivery to Mary Messer and Robert McBee.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Mary Messer and Robert McBee any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of

EEOC Charge Numbers 430-2007-03175 and 430-2007-03723 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Defendant shall provide a letter of reference to Mary Messer and Robert McBee, in the forms attached hereto as Exhibit A for Ms. Messer, and Exhibit B for Mr. McBee. In addition, if Defendant receives any inquiries regarding the employment of Mary Messer or Robert McBee, in lieu of an oral response, Defendant shall provide a copy of the aforementioned letter for Messer or McBee.

6. Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against race discrimination, racial harassment (including harassment based on a person's association with a person of a different race) and retaliation; procedures for reporting harassment and/or other types of discrimination; and a procedure for the thorough and immediate investigation of employee complaints of harassment and/or other types of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, in all of their facilities and work sites, in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 90 days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in North Carolina. Each training program shall

include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Decree, in a place where it is visible to employees at its North Carolina facilities and work sites. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

> A. the identities of all individuals who complained of or reported any conduct the individual believed to be based on race or racial in nature, or believed to be a violation of Defendant's racial harassment policy (referenced in paragraph 6 above), including harassment based on a person's association with a person of a different race (hereafter "racial conduct"), by identifying each individual's name, last known telephone number and address, social security number, and job title;
>
> B. the name of the individual who allegedly engaged in the racial conduct as well as a detailed description of the alleged racial conduct;
>
> C. a detailed description of what action, if any, Defendant took in response to the report/complaint;

D.  the identities of all individuals who have opposed any practice made unlawful under Title VII, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

E.  for each individual identified in 10.D. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

F.  for each individual whose employment status has changed as identified in 10.E. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's North Carolina facilities and work sites, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for five (5) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC, 28202.

15. Each party shall bear its own costs and attorney fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: July 27, 2009

*[signature]*

Lacy H. Thornburg
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NW
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

s/ Randall D. Huggins
RANDALL D. HUGGINS
Trial Attorney (OK Bar No. 17875)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:    704.344.6889
Facsimile:    704.344.6780
randall.huggins@eeoc.gov

ATTORNEYS FOR PLAINTIFF

**-and-**

s/ Rendi L. Mann-Stadt
Rendi L. Mann-Stadt
McGuire Wood & Bissette
48 Patton Avenue
Asheville, NC 28801
rmann-stadt@mwbavl.com

Attorneys for Defendant

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, [X].

[X] was employed by WNC Pallet and Forest Products Company, Inc., from [start date] to [last date of employment]. During her tenure with us, [X] held the position of [position]. Her ending salary was [amount] per [hour or week], plus benefits.

[X] was a punctual employee with a good attendance record. She was able to perform the skills of several positions she held during her tenure with our company.

We hope that this information about [X] is helpful to you in considering him/her for employment.

Sincerely,


[Typed name of company president]
President, WNC Pallet and Forest Products Company, Inc.

**EXHIBIT A**

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, [X].

[X] was employed by WNC Pallet and Forest Products Company, Inc., from [start date] to [last date of employment]. During his/her tenure with us, [X] held the position of [position]. His/her ending salary was [amount] per [hour or week], plus benefits.

We hope that this information about [X] is helpful to you in considering him/her for employment.

Sincerely,


[Typed name of company president]
President, WNC Pallet and Forest Products Company, Inc.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: _____ |
| v. | ) ) ) |
| WNC PALLET AND FOREST PRODUCTS COMPANY, INC., | ) ) ) ) |
| Defendant. | ) ) |

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION NOTICE TO WNC PALLET AND FOREST PRODUCTS COMPANY, INC. EMPLOYEES

1.   This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and WNC Pallet and Forest Products Company, Inc. ("WNC Pallet") in a case of discrimination based on race, constructive discharge and retaliation. Specifically, the EEOC alleged that WNC Pallet subjected Mary Messer and Robert McBee to a hostile work environment based on race, in violation of Title VII. Additionally, the EEOC alleged that WNC Pallet constructively discharged Messer from her employment, and discharged McBee from his employment in retaliation for complaining about employment practices made unlawful by Title VII. WNC Pallet denies the allegations and denies any liability in the case. As part of the settlement, WNC Pallet agreed to make a monetary payment and to take other action set out in the Consent Decree resolving this matter.

2.   Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.  Title VII specifically prohibits race discrimination and retaliation.

3.   WNC Pallet will comply with such federal laws in all respects. Furthermore, WNC Pallet will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC  20507
TEL:  1-800-669-4000
TTY:  1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least five (5) years after entry of the Consent Decree with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____ , 2014

**EXHIBIT C**